UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM MARK FRANKS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M.E. SPEARMAN,<br><br>　　　　Respondent. | No. 1:18-cv-00385-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS<br><br>(Doc. No. 21) |

Petitioner Tom Mark Franks is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 17, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition for federal habeas relief be denied and that the court decline to issue a certificate of appealability. (Doc. No. 21.) Specifically, the findings and recommendations analyzed, and rejected on the merits, petitioner's claims that he received ineffective assistance by his trial counsel. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service of that order. Thereafter, petitioner requested, and the court granted, a thirty (30) day extension of time, until October 9, 2019, to file objections to the

1

findings and recommendations. (Doc. No. 22, 23.) However, no objections have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability.

/////

/////

/////

Accordingly:

1. The findings and recommendations issued on July 17, 2019 (Doc. No. 21) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 3, 2020**

UNITED STATES DISTRICT JUDGE